**LUNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE NATIONAL LABOR COURT OF FIRST INSTANCE NO. 71 IN BUENOS AIRES, ARGENTINA IN THE MATTER OF MARIA XIMENA VIEITES V. GOOGLE ARGENTINA S.R.L. /

Case No. 26 MC 773

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT**
**<u>OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782</u>**

The United States of America, by and through counsel, submits this Memorandum of Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a Letter of Request from judicial authorities in Buenos Aires, Argentina, for international judicial assistance to obtain financial records from Morgan Stanley Smith Barney LLC ("Morgan Stanley").

## INTRODUCTION

The request for international judicial assistance comes from the National Labor Court of First Instance No. 71 in Buenos Aires, Argentina ("Argentine Court"). Specifically, the Argentine Court issued a Letter of Request seeking assistance to obtain financial records for use

[1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976); *see also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022) (commenting that "it is not unusual for § 1782(a) applications to be made on an *ex parte* basis to the district court" and holding that the *ex parte* process should not restrict a respondent's legal rights). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, Order denying Motion to Seal U.S.'s Application for Ex Parte Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Ct. of Wetzlar, Germany*, No. 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

in *Maria Ximena Vieites v. Google Argentina S.R.L.*, Foreign Reference Number 2083/2026. *See* Declaration of Trial Attorney Agatha Koprowski, ¶ 2 & Ex. A [hereinafter Koprowski Decl.] (Letter of Request received by the Office of International Judicial Assistance on October 22, 2026).[2]

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Argentine Court is adjudicating a labor dispute. In order to make its determination, the Court is requesting information regarding details of share information in a benefits plan provided by the defendant-employer and administered by Morgan Stanley.

The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention]. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

## ARGUMENT

### I. THE HAGUE EVIDENCE CONVENTION

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence

[2] We have omitted the original Spanish documents from the copy of the Letter of Request submitted to this Court as it is difficult for our office to ensure that parties' personal information is adequately protected in these foreign language documents. If the Court determines that it cannot act on this application without these documents, the United States can provide them under seal upon request.

Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/acceptances/?mid=484 (last visited Oct. 27, 2026) (the Hague Evidence Convention entered into force between the United States and Argentina on January 30, 1988).

When executing a Letter of Request, the Hague Evidence Convention requires a Requested Authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention instructs that, in executing a Letter of Request the judicial authority "shall apply its own law as to the methods and procedures to be followed" and shall execute Letters of Request "expeditiously." *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."); *see also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also

repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").}

## II. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). The statute permits a court to direct that the evidence "be produced[] before a person appointed by the court," who would be empowered to "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* District courts have repeatedly appointed Department of Justice Attorneys to act as § 1782 commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g., In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in

which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel*, 542 U.S. 241.

This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012); *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, Morgan Stanley "resides or is found in" the District of Maryland because the company's subpoena processing center is located in Baltimore, Maryland.[3] Second, the Letter of Request explains that the requested evidence is "for use in a proceeding before a foreign tribunal" as these financial records are needed to adjudicate the dispute over the plaintiff's alleged entitlement to certain payments. *See* Koprowski Decl. ¶ 2 & Ex. A. Third, the Letter of Request is made by the Argentine Court, *id.*, which is a "foreign or international tribunal," 28 U.S.C. § 1782(a).

## III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts

[3] When executing requests for financial records, the Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Argentine Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's

jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Morgan Stanley is not a party to the proceedings and the evidence held by Morgan Stanley appears to be outside the jurisdictional reach of the Argentine Court because Morgan Stanley is physically present in Baltimore, Maryland, and the Argentine Court has formally requested the assistance of the United States pursuant to the Hague Evidence Convention.

With respect to the second factor, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Argentine Court or the character of the proceedings. Additionally, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden*, 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure.).

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentine discovery rules or to thwart the policies of Argentina. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). There is also nothing to support a conclusion that the

request would thwart the policies of the United States. While the records and information sought by the Argentine Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-23, does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).

And with respect to the fourth factor, the request seeks specific information regarding details of holdings and certain contractual documents related to an employee benefits program administered by Morgan Stanley. This is the type of information that Morgan Stanley is likely to routinely access in the regular course of business and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) ("[N]o undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."); *see also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in the foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts.").

Accordingly, each of the four discretionary factors set forth in *Intel* favors authorizing judicial assistance to the Argentine Court.

**CONCLUSION**

Attached to the Declaration of Agatha Koprowski is the proposed subpoena that this office intends to serve (in substantially similar format) on Morgan Stanley should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). *See* Koprowski Decl. ¶ 3 & Ex. B. We

respectfully request that the Court order Morgan Stanley to produce the documents directly to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance for transmission to the National Labor Court of First Instance No. 71 in Buenos Aires, Argentina. 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure . . . for . . . producing the document . . . .").

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Department of Justice Trial Attorney, Agatha Koprowski, Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated: October 27, 2026

Respectfully submitted,

KELLY O. HAYES
United States Attorney

BRETT A. SHUMATE
Assistant Attorney General

BRENNA E. JENNY
Deputy Assistant Attorney General
United States Department of Justice, Civil Division

By: ______________________________

AGATHA KOPROWSKI*
Trial Attorney
United States Department of Justice, Civil Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street NW, Room 8014
Washington, DC 20530
Telephone: 202-507-6081
Email: agatha.koprowski@usdoj.gov
*Admitted by special appearance*